## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAAD BADRH,<br>　　Plaintiff,<br><br>　　　　v.<br><br>AMAZON.COM, INC.;<br>AMAZON.COM SERVICES LLC,<br>　　Defendants. | CV 23-2489 DSF (MAAx)<br><br>Order DENYING Plaintiff's Motion for Leave to Amend First Amended Complaint (Dkt. 22); DENYING Plaintiff's Motion to Remand (Dkt. 23); GRANTING in part Defendants' Motion to Dismiss (Dkt. 15); and GRANTING Defendants' Request for Judicial Notice (Dkt. 16) |

　　Plaintiff Saad Badrh moves for leave to amend his First Amended Complaint, dkt. 22-1 (MTA Mot.), and for remand to Superior Court, dkt. 23-1 (Remand Mot.). Defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively, Defendants) oppose. Dkt. 26 (MTA Opp'n); Dkt. 31 (Remand Opp'n). Defendants also move to dismiss Badrh's First, Second, Third, Fourth, Fifth, Eighth, Ninth, and Twelfth Causes of Action. Dkt. 15-1 (Def. Mot.). Badrh opposes. Dkt. 27 (Pl. Opp'n). The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons stated below, Badrh's Motion for Leave to Amend and Motion to Remand are DENIED. Defendants' motion to dismiss is GRANTED in part.

### I. BACKGROUND

　　Badrh is a resident of California and was employed by Defendants in California until August 2021. Dkt. 13 (FAC) ¶¶ 1, 42. Badrh is

Muslim of Arab descent. Id. ¶ 21. Defendant Amazon.com, Inc. is a Delaware corporation with its principal place of business in Washington. Dkt. 3 (Stephens Decl.), Ex. B. The sole member of Defendant Amazon.com Services LLC is Amazon.com Sales, Inc., a Delaware corporation with its principal place of business in Washington. Dkt. 1 (Removal); Stephens Dec., Ex. C.

Badrh alleges that during his employment, Defendants failed to provide him with state required breaks at the times required by law. FAC ¶ 43. Additionally, on or around March 16, 2021, Defendants' Operations Manager, Rachel (now identified as Rachel Cerda), terminated Badrh's employment without providing a reason and within eight days of his return from sick time and the Fair Employment and Housing Act (FEHA) accommodation of a medical leave. Id. ¶¶ 8-9; MTA at 4. Despite Badrh's several attempts to lodge complaints with Defendants, Badrh alleges there was no adequate investigation or remediation. FAC ¶¶ 11-15. After several weeks, Badrh emailed Defendants' Chief Executive Officer directly. Id. ¶ 15. Badrh alleges a representative reached out to him by phone, provided instructions for filing a complaint for religious and ethnic persecution, told him to return to work on April 1, 2021, and promised to pay his salary from March 16 to April 1. Id. ¶¶ 16-20. Defendants never paid that salary. Id. ¶ 38.

Badrh alleges that on his return to work, Defendants again placed him with Cerda as his manager. Id. ¶ 23. Badrh alleges Cerda discriminated, harassed, and retaliated against him on the basis of his prior requests for and exercise of reasonable accommodation and medical leave, his underlying disability, his religion, and his race by requiring him to perform manual labor outside of his job description and making offensive comments about "his people." Id. ¶¶ 23-24. Cerda ordered that Badrh was not to receive assistance or help from other employees. Id. ¶ 27. Cerda did not offer or allow Badrh the same training and opportunity to rotate his work position that was afforded to similarly situated employees who were not Arab or Muslim. Id. ¶ 39. When Badrh requested to have a witness present during future

interactions with Cerda as a response to her conduct, Cerda threatened to call the police. Id. ¶¶ 28-29.

Badrh further alleges that as a result of depression and anxiety caused by Cerda's conduct, he was forced to leave work in April 2021 and lodged further complaints with Defendants. Id. ¶ 30. He remained out of work at the advice of Defendants' investigator until a new investigator told him to return to work by June 1, 2021. Id. ¶¶ 31-34. Badrh returned to work until his doctor advised him of his inability to work due to depression and anxiety from June to August 2021. Id. ¶¶ 35, 41. Badrh alleges Defendants terminated his employment in August 2021 without engaging in the interactive process in good faith or providing a reasonable accommodation. Id. ¶ 42.

Badrh filed this action asserting fourteen claims against Defendants: seven for violations of FEHA, one for wrongful discharge, and six for violations of various sections of the California Labor Code. Id. at 8-16.

Badrh seeks to amend his FAC to add claims against Cerda for harassment in violation of FEHA and intentional infliction of emotional distress (IIED). MTA Mot. at 4. Badrh also seeks remand to Los Angeles Superior Court. Remand Mot. at 4. Defendants seek dismissal of Badrh's FEHA claims (the First, Second, Third, Fourth, Fifth, Eighth, and Ninth Causes of Action) in the FAC as time-barred, as well as dismissal of the claim for retaliation under California Labor Code §§ 6310 and 6311 (Twelfth Cause of Action) "because the FAC fails to allege sufficient facts to state such a claim." Def. Mot. at 6.

## II. LEGAL STANDARD

### A.     28 U.S.C. § 1447(e)

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by [the] Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Generally, a case may be removed on the basis of diversity of citizenship if the amount in controversy exceeds $75,000 and the plaintiff and defendant

are citizens of different states. 28 U.S.C. § 1332(a). But cases may not be removed on the basis of diversity of citizenship "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998). "[A] district court must scrutinize an attempted diversity-destroying amendment to ensure that it is proper . . . ." Clinco v. Roberts, 41 F. Supp. 2d 1080, 1087 (C.D. Cal. 1999).

Courts within the Ninth Circuit consider the six Palestini factors in determining whether to permit joinder under § 1447(e):

> (1) whether the new defendants should be joined under [Federal Rule of Civil Procedure] 19(a) as needed for just adjudication; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 658 (S.D. Cal. 2000) (quotation marks omitted); see, e.g., Meggs v. NBCUniversal Media, LLC, No. CV 17-03769-ODW (RAOx), 2017 WL 2974916, at *3 (C.D. Cal. July 12, 2017) (applying Palestini factors following amendment of a complaint as a matter of right following removal).

B.  Rule 12(b)(6)

Rule 12(b)(6) allows an attack on the pleadings for failure to state a claim on which relief can be granted. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual

allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007).  However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 557).  A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]" – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

"In dismissing for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995) (quotation marks omitted).

## III. DISCUSSION

### A.   Request for Judicial Notice

Defendants request that this Court take judicial notice of ten documents.  Dkt. 16.  Six of the documents are docket entries in an earlier case filed by Badrh against Amazon concerning the same behavior at issue in this lawsuit, one document is a charge of discrimination against Amazon that Badrh filed with the Equal Employment Opportunity Commission, and the remaining three documents are right-to-sue letters – two issued by the California

Department of Fair Employment and Housing and one issued by the Equal Employment Opportunity Commission.

Badrh does not oppose the request. The documents are proper subjects of judicial notice. Vashisht-Rota v. Harrisburg Univ., CV 20-967 RBM (KSCx), 2023 WL 35216, *3 (S.D. Cal. Jan. 4, 2023) ("right-to-sue letters are proper subjects of a request for judicial notice, as the accuracy of DFEH right-to-sue letters and complaints cannot reasonably be questioned"); U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

Defendants' Request for Judicial Notice is GRANTED.

## B.   Motion to Amend

Badrh seeks to amend his FAC to (1) add Cerda as a defendant; (2) assert the existing claim for harassment in violation of FEHA against her, and (3) assert a claim for IIED against her. MTA Mot. at 4. Badrh argues the Court should grant leave to amend because the liberal pleading standards of Federal Rule of Civil Procedure 15(a) are satisfied and because he was not aware of Cerda's last name until the parties' Rule 16 Conference. Id. at 4-5. The Court is not persuaded.

As an initial matter, the Court finds the issue is governed by 28 U.S.C. § 1447(e), not Rule 15(a) as Badrh claims. There is some disagreement among district courts in the Ninth Circuit, but the Court applies 28 U.S.C. § 1447(e) for the reasons Judge Curiel announced in McGrath v. Home Depot USA, Inc.: it is the pervasive approach, 28 U.S.C. § 1447(e) is specifically written to address this situation, and, even when analyzing other amendments under Rule 15(a), the Ninth Circuit recognizes the relevance of a plaintiff's motives in amending. 298 F.R.D. 601, 607 (S.D. Cal. 2014).

Analyzing the request under 28 U.S.C. § 1447(e) and the Palestini factors, the Court finds that joinder of Cerda is not appropriate.

6

1.   Rule 19(a)

The first Palestini factor weighs against joinder. Cerda is not a required party within the meaning of Rule 19(a).

A person who does not deprive a court of subject matter jurisdiction is a required party where the person's absence would preclude a court from granting complete relief, result in inconsistent obligations, or impede the person's ability to protect that person's own interests. Fed. R. Civ. P. 19(a); see also CP Nat'l Corp. v. Bonneville Power Admin., 928 F.2d 905, 911 (9th Cir. 1991) ("Rule 19 is designed to protect the interests of absent parties, as well as those ordered before the court, from multiple litigation, inconsistent judicial determinations or the impairment of interests or rights."). "[A]mendment under § 1447(e) is a less restrictive standard than for joinder under Fed. R. Civ. Proc. 19." IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011-12 (N.D. Cal. 2000). "'The standard is met when failure to join will lead to separate and redundant actions', but it is not met when 'defendants are only tangentially related to the cause of action or would not prevent complete relief.'" Krantz v. Bloomberg L.P., 2022 WL 2101913, at *4 (C.D. Cal. Feb. 3, 2022) (quoting IBC Aviation Servs., Inc., 125 F. Supp. 2d at 1012).

Here there is no danger of incomplete relief. Badrh seeks only "money damages, which could be fully satisfied by the other defendants," thus Cerda is not crucial to complete relief. Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998) (affirming the district court's denial of joinder under § 1447(e)); see FAC at 16-17; dkt. 22-2 (Proposed SAC) at 22-23.

There is also no danger of inconsistent obligations. Out of fifteen causes of action in the proposed second amended complaint (SAC), only one is asserted against Amazon.com, Inc., Amazon.com Services LLC, ***and*** Cerda: Badrh's claim for harassment in violation of the California Fair Employment and Housing Act. Proposed SAC ¶¶ 44-45, 84-88. Individual supervisor liability under FEHA is separate and distinct from the liability incurred by an employer. Page v. Superior Court, 31

Cal. App. 4th 1206, 1211-12 (1995); see also MTA Mot. at 5 (Badrh noting that an employee may be held personally liable for harassment under California law regardless of the employer's liability). The only other claim asserted against Cerda is for intentional infliction of emotional distress (IIED). SAC ¶¶ 116-120. And it is asserted against Cerda alone. There is no reason this claim should result in inconsistent obligations.

This factor weighs against joinder.

### 2. Statute of Limitations

Badrh fares no better on the second factor. Denial of joinder is generally appropriate where a plaintiff "would not be time-barred from filing a new action in state court." Dordoni v. FCA US LLC, CV 20-1475 JGB (SHKx), 2020 WL 6082132, at *4 (C.D. Cal. Oct. 15, 2020). But otherwise, it would be preferrable to relinquish jurisdiction than for a plaintiff's claim to be dismissed with no hope of revival. Murphy v. Am. Gen. Life Ins. Co., 74 F. Supp. 3d 1267, 1284 (C.D. Cal. 2015) ("Remand is generally preferable to dismissal 'when the statute of limitations on the plaintiff's state-law claims has expired before the federal court has determined that it should relinquish jurisdiction over the case.'") (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351-52 (1988)).

The parties' statute of limitations dispute does not lead the Court to conclude that there are limitations issues that would be unique to a new action. For the FEHA claims, a plaintiff has one year to file a cause of action after receiving a right-to-sue letter. Cal. Gov't Code § 12965(c)(1)(C); Hall v. Goodwill Indus. of S. Cal., 193 Cal. App. 4th 718, 729 (2011). If the Court accepts Badrh's arguments on statute of limitations, the relevant right-to-sue letter was issued February 28, 2023. FAC ¶¶ 8, 48 (the behavior in question is alleged to have started in March 2021 and the right-to-sue letter was alleged to have issued on February 28, 2023). This would leave Badrh ample time to file a new action against Cerda. If the Court accepts Defendants' arguments, the relevant right-to-sue letter was issued August 6, 2021 and the statute

of limitations ran out in August 2022.  MTA Opp'n at 4; Def. Mot. at 7.  Under this set of facts, the FEHA claim would be barred in this action.

Badrh's IIED claim is a closer call.  In California, a personal injury action such as IIED must be filed within two years of the wrongful act.  Cal. Civ. Proc. Code § 335.1.  Badrh's FAC and Proposed SAC do not plead any interactions with Cerda past April 2021; at the latest, the pleadings leave open the possibility of interactions in May 2021.  MTA Opp'n at 4; see also FAC ¶¶ 22-31, 34, 41-42 (Badrh pleads he returned to work in April, but that he was unable to return to work from June 2021 to August 2021 and he was fired in August 2021); Proposed SAC ¶¶ 24-42 (similar).  The statute of limitations likely ran out sometime *after* the February 28, 2023 filing of this claim, dkt. 3-1 (Compl.), but *before* Badrh moved to file a Proposed SAC on June 26, 2023.  It is unlikely that Badrh can file a new claim against Cerda for IIED.  But it also seems unlikely that Badrh can proceed on the cause of action here.  Badrh provides no argument that the claim would relate back to the initial filing date of this lawsuit and generally, amendments that add new defendants do not relate back.  Tate v. United States, CV 15-9323 FMO (JPR), 2019 WL 6799107, at *4 (C.D. Cal. Sept. 18, 2019), report and recommendation adopted, 2019 WL 6790686 (C.D. Cal. Nov. 1, 2019) (noting that the Ninth Circuit has not directly addressed the issue, but analyzing available case law and finding that generally courts do not allow an entirely new party to be joined after the statute of limitations has run); Woo v. Super. Ct., 75 Cal. App. 4th 169, 176 (1999) (California law does not allow amendments adding defendants to relate back).  It is likely that the IIED claim is barred in this action as well.

By denying joinder, the Court is not denying Badrh his last chance to file these claims within the appropriate statute of limitations period.  This factor does not weigh in favor of joinder.

### 3. Unexplained Delay

The third Palestini factor also weighs against allowing the amendment.  Courts look to whether the "moving party knew or should

9

have known the facts and theories raised by the amendment in the original pleading." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990). "Generally, courts consider the time between seeking leave to amend and the filing of the initial complaint and removal." Waring v. Geodis Logistics LLC, No. CV 19-4415 GW (KSx), 2019 WL 3424955, at *4 (C.D. Cal. July 29, 2019).

There was an unexplained delay between the filing of the initial complaint and adding Cerda as a party. As Defendants point out Badrh initially attempted to file this lawsuit in 2021. MTA Opp'n at 5; Dkt 16-4 (*Badrh I* Compl.). Badrh was also at least aware of Cerda's role and involvement at that time of filing the FAC in this action as he made allegations concerning Cerda, referring to her as "Rachel." See, e.g., FAC ¶¶ 8-11, 23-24, 26-29. Nevertheless, Badrh did not try to add Cerda as a party until June 2023. See generally MTA Mot. Badrh explains this delay by noting that he was not aware of Cerda's *last* name until May 2023. Id. at 4. This explanation is not convincing. See Murphy, 74 F. Supp. at 1284 (denying joinder where "Plaintiff has not explained the basis for his argument that he did not know, and with the exercise of reasonable diligence could not have known" the information in his proposed second amended complaint until years after filing his original complaint). Badrh "had ample opportunity to add Cerda" and to ask "Defendants' counsel for her full name" but he did not. MTA Opp'n at 6. And he didn't need her full name to add her as a party. He could have named her by her first name, or her first name and title.

This factor weighs against joinder.

### 4. Purpose of Joinder

The fourth Palestini factor considers whether Badrh's true motive is to defeat diversity. "[A] trial court should look with particular care at such motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction" because a plaintiff may "be inclined to add a new defendant only to have his action remanded to the state forum." Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d

1371, 1376 (9th Cir. 1980). While it is not possible to know Badrh's true intentions, the Court finds that, at very least, the true motives are suspect given the unexplained delay in adding Cerda as a party and Badhr's ability to obtain full compensation from the present Defendants.

This factor weighs against joinder.

### 5. Valid Claims

Under the fifth Palestini factor, the Court considers whether Badrh's claims appear to be valid. As discussed above and below, Badrh's claims against Cerda are likely barred by the statute of limitations.

This factor weighs against joinder.

### 6. Prejudice to Plaintiff

Finally, the Court considers whether denial of joinder will prejudice Badrh. "In determining whether a plaintiff would suffer prejudice, courts have considered whether denial of leave to amend would require parallel in state and federal court proceedings or would lead the plaintiff to forgo claims against the non-diverse defendants." Murphy, 74 F. Supp. 3d at 1286. Badrh fails even to address whether he will suffer prejudice. It is not the role of the Court to make parties' arguments for them. See Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003). Moreover, "[b]ecause none of the claims against [Cerda] appears valid, there is no basis to conclude that Plaintiff would be prejudiced." Murphy, 74 F. Supp. 3d at 1286.

This factor weighs against joinder.

\* \* \*

The Palestini factors weigh against joinder; the Court finds joinder of Cerda is not appropriate.

Badrh's Motion to Amend is DENIED.

11

### C. Motion to Remand

Badrh also moves for remand to superior court, asserting that "there is not complete diversity because both Defendant Cerda and Plaintiff are domiciled in California." Remand Mot. at 5. As Cerda has not been joined, there is no basis for remand.

Badrh's Motion to Remand is DENIED.

### D. Motion to Dismiss

#### 1. FEHA Claims

Defendants contend that Badrh's FEHA claims (the First, Second, Third, Fourth, Fifth, Eighth, and Ninth Causes of Action) are time-barred because he did not file those claims within one year of receiving the requisite right-to-sue notice on August 6, 2021. Def. Mot. at 2-3. The Court agrees that the claims are time-barred.[1]

Exhaustion of administrative remedies is a "precondition" to bringing a civil action for statutory damages under FEHA. Rojo v. Kliger, 52 Cal. 3d 65, 83 (1990). Exhaustion occurs after a plaintiff has filed a written charge with the DFEH within three years of the alleged

---

[1] Defendants moved to dismiss pursuant to Rule 12(b)(1), but conversion to a Rule 12(b)(6) motion is appropriate. The filing deadline after receiving a right-to-sue letter is akin to a statute of limitations. Stiefel v. Bechtel Corp., 624 F.3d 1240, 1245 (9th Cir. 2010). Whether the statute of limitations is a bar here is "not a jurisdictional question, it should have been raised through a Rule 12(b)(6) motion to dismiss for failure to state a claim, not a Rule 12(b)(1) motion to dismiss for lack of jurisdiction." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995). However, a "court may convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6)" so long as "the plaintiff has notice of the alleged deficiency in his pleading, and is given an opportunity to respond." Lauwrier v. Garcia, No. CV 12-7381 (MMM) (SHx), 2013 WL 11238497, at *4 (C.D. Cal. Mar. 8, 2013). Badrh had plenty of notice of the alleged issue with his FEHA claims: that Defendants claim they were not filed within one year of the right-to-sue letter. Conversion is appropriate.

misconduct and obtains a notice from the DFEH of the right to sue. Id. at 88; see also Pollock v. Tri-Modal Distribution Servs., Inc., 11 Cal. 5th 918, 931 (2021) (noting the statute has changed to allow a plaintiff three years from the time of alleged misconduct to file a complaint with DFEH). Once a claimant receives a right-to-sue notice from DFEH, he has one year to file FEHA claims in court. Cal. Gov't Code § 12965(c)(1)(A)-(B).

Badrh pleads receipt of a right-to-sue letter on February 28, 2023. FAC ¶ 48; see also proposed SAC ¶ 48. Defendants point out that this is the second right-to-sue letter issued for the conduct forming the basis of the FEHA claims. Def. Mot. at 6-7. On July 9, 2021, Badrh filed a charge of discrimination against Amazon for discrimination occurring from October 1, 2020 to March 16, 2021. Dkt. 16-2 at 5. This resulted in a July 9, 2021 right-to-sue letter from DFEH, which stated that any "civil action must be brought within one year from the date of this notice" but that "this one-year period will be tolled during the pendency of the EEOC's investigation." Dkt. 16-1 (RTS #1) at 1. The EEOC then concluded its investigation on August 6, 2021 and issued Badrh a notice of his right to sue. Dkt. 16-3. Badrh filed a lawsuit on December 13, 2021. *Badrh I* Compl. The December 13, 2021 Complaint is identical to the original Complaint filed in this action. Badrh's first lawsuit was dismissed for a failure to prosecute. Dkt. 16-8.

Badrh does not dispute the request for judicial notice nor does he dispute that he received a right-to-sue letter from DFEH on July 9, 2021 and a right-to-sue letter from the EEOC on August 6, 2021. Nowhere in the opposition does Badrh contend that his prior complaint and lawsuit concerned different behavior or different allegations. Based on this evidence, it is apparent that the February 28, 2023 right-to-sue letter was duplicative of the July 9, 2021 right-to-sue letter.

A plaintiff cannot restart the clock and skirt the one-year bar in Cal. Gov't Code § 12965(c)(1)(B) by filing a duplicative administrative complaint with the DFEH and obtaining a second right-to-sue letter. Acuna v. San Diego Gas & Electric Company, 217 Cal.App.4th 1402, 1408-10, 1413-15 (2013) (Plaintiff filed three separate administrative

13

complaints with the DFEH but did not file a civil complaint until after the third right-to-sue letter and well over a year after the first right-to-sue letter was issued. The trial court dismissed the claims duplicative of plaintiff's first two right-to-sue letters as time-barred. The court of appeal affirmed.); see also Outten v. SBM Site Servs. LLC, 2018 WL 4732009, *11 (E.D. Cal. Oct. 1, 2018) ("A plaintiff cannot avoid the statutory bar by filing a second DFEH complaint and using the second right to sue notice to file a lawsuit."). The Court agrees with Defendants that the deadline to file these FEHA claims was August 2022, and that the FEHA claims are, therefore, barred by the statute of limitations.

Badrh seems to argue that a plaintiff can restart the clock by filing a duplicative complaint with DEFH so long as he does so within three years. Pl. Opp'n at 8. But that is simply not the law and Badrh provides no authority for this position.

Defendants' request to dismiss the First, Second, Third, Fourth, Fifth, Eighth, and Ninth Causes of Action is GRANTED without leave to amend.

### 2. Labor Code §§ 6310, 6311

Defendants next move to dismiss Badrh's Twelfth Cause of Action for Retaliation in Violation of Labor Codes §§ 6310, 6311. Defendants argue that Badrh's pleading is inadequate because he provides no indication that he was ever subject to or complained about unsafe working conditions. Def. Mot. at 11-12. Badrh provides no real opposition to Defendants' arguments, instead requesting that "[t]o the extent the Court decides this cause of action is not alleged in compliance with the pleading requirement, Plaintiff respectfully requests leave to amend." Pl. Opp'n at 5.

The Court agrees with Defendants. These sections of the California Labor Code protect employees from retaliation where there are unsafe working conditions. California Labor Code § 6310(b) protects an employee from adverse employment actions where "the employee has made a bona fide oral or written complaint" concerning "unsafe working

conditions, or work practices, in their employment or place of employment." California Labor Code § 6311 provides that "[n]o employee shall be laid off or discharged for refusing to perform work" where the performance would create a workplace safety violation and "the violation would create a real and apparent hazard to the employee or their fellow employees."

The FAC does not allege any workplace safety concerns. Badrh alleges retaliation for using medical leave and because of his religion and ethnicity. FAC ¶¶ 7-11, 20-21, 24-27, 39-42, 44. He does not allege that he was retaliated against for either reporting safety issues or refusing to work because of the safety issues. He failed to plausibly allege a claim for retaliation in violation of §§ 6310, 6311. Creighton v. City of Livingston, 628 F. Supp. 2d 1199, 1223 (E.D. Cal. 2009) ("Plaintiff does not allege any facts indicating that he was exposed to 'unsafe working conditions, or work practices, in his . . . employment or place of employment' as required under § 6310(b)"); Lujan v. Minagar, 124 Cal. App. 4th 1040, 1043 (2004) ("Section 6310 makes it unlawful to fire or otherwise retaliate against an employee who makes a workplace safety complaint with government agencies."). Nor does he claim he refused to work because of workplace safety concerns. Caldwell v. OS Rest. Servs., LLC, CV 19-00754 DMG (MRWx), 2021 WL 3264306, at *8 (C.D. Cal. May 13, 2021) (granting MSJ on claim for retaliation in violation of Labor Code sections 6310 and 6311 because "it is undisputed that [plaintiff] never refused to work because of workplace safety concerns").

Defendants' motion to dismiss Badrh's California Labor Code §§ 6310 and 6311 claim is GRANTED with leave to amend.

## IV. CONCLUSION

Badrh's motion for leave to file his proposed second amended complaint is DENIED. Badrh's motion to remand is DENIED. Defendant's motion to dismiss is GRANTED in part. Badrh's First, Second, Third, Fourth, Fifth, Eighth, and Ninth Causes of Action are DISMISSED with prejudice. Badrh's Twelfth Cause of Action for

15

Retaliation in Violation of Labor Code §§ 6310 and 6311 is DISMISSED with leave to amend if he can do so consistent with Rule 11 of the Federal Rules of Civil Procedure. An amended complaint may be filed and served no later than September 25, 2023. Failure to file an amended complaint by that date will waive Badrh's right to do so and the Twelfth Cause of Action will be dismissed with prejudice. Badrh must provide a redlined version of the amended complaint to the Court's generic chambers email. If Badrh fails to amend, Defendants must file an answer to the remaining causes of action by October 20, 2023.

IT IS SO ORDERED.

Date: August 28, 2023

Dale S. Fischer
United States District Judge